IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jamie Capalbo *a/k/a* Jamie Neil *Capalbo*, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )<br>)<br>) |
| Warden FCI Williamsburg, | )<br>)<br>) |
| Respondent. | )<br>) |

Civil Action No. 1:22-1011-TMC

**ORDER**

Petitioner Jamie Capalbo ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on March 30, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On June 6, 2022, Respondent filed a motion to dismiss the Petition. (ECF No. 15). The next day, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond thereto. (ECF No. 17). The *Roseboro* order was mailed to Petitioner at the address he provided the court on June 7, 2022, (ECF No. 17), and has not been returned to the court as undeliverable. Therefore, Petitioner is presumed to have received the *Roseboro* order. Nevertheless, to date, Petitioner has failed to file any response to Respondent's motion or to the magistrate judge's *Roseboro* order.[1]

---

[1] The court notes that Petitioner did file a motion on June 15, 2022, in which he acknowledges having received the *Roseboro* order and asking the court to order Respondent to send him a copy of the motion to dismiss. (ECF No. 19). Respondent filed a response a week later indicating that he had mailed a copy of the motion to dismiss to Petitioner on June 6, 2022, the date the motion was filed, and again on June 23, 2022. (ECF No. 20). Since that time, Petitioner has filed no additional documents indicating that he has not received the motion to dismiss. Accordingly, Petitioner is presumed to have received at least the second copy of the motion to dismiss sent by Respondent. Petitioner's motion (ECF No. 19) is, therefore, **DENIED as moot.**

1

Instead, on July 5, 2022, Petitioner filed a motion seeking to hold his Petition in abeyance pending rulings by the United States Supreme Court and the Florida Supreme Court in *Jones v. Hendrix*, 142 S. Ct. 2706, 2022 WL 1528372 (May 16, 2022) (granting petition for writ of certiorari) and *Somers v. United States*, No. SC21-1407 (Fla. Docket current through Jan. 16, 2022), respectively. (ECF No. 21). In the alternative, Petitioner asks that the court dismiss his Petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *See id*. at 1; *see also* Rule 11, Rules Governing § 2254 Cases (applying Federal Rules of Civil Procedure to habeas cases); Rule 1, Rules Governing § 2254 Cases (making § 2254 rules applicable to cases filed under § 2241). On July 18, 2022, Respondent filed a response in opposition to Petitioner's motion. (ECF No. 22). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Petitioner's motion to dismiss his Petition without prejudice. (ECF No. 23). Petitioner filed objections to the Report, (ECF No. 25), and this matter is now ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775

3

F.2d 1274, 1277–78 (4th Cir. 1985)) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In his Petition, Petitioner challenges his 180-month sentence for conspiracy to distribute drugs and possession of a firearm by a felon, specifically his classification as an armed career criminal pursuant to a sentencing enhancement based on the Armed Career Criminal Act ("ACCA"). *See* (ECF Nos. 1; 23 at 2). Petitioner argues that the Supreme Court's opinion in *Borden v. United States*, 141 S. Ct. 1817 (2021), and the Florida Supreme Court's pending ruling in *Somers* have changed or may change the substantive law in Florida such that his prior conviction for aggravated assault no longer supports his classification under the ACCA. *See* (ECF No. 1-1). Now Petitioner seeks to hold this action in abeyance or, in the alternative, to dismiss the Petition without prejudice pending a ruling from the Supreme Court in *Jones* as well as the Florida Supreme Court's opinion in *Somers*, which Petitioner asserts may further change or clarify the law as it relates to his armed career criminal status. *See* (ECF No. 21). In response, Respondent opposes holding the Petition in abeyance on the bases that (1) the issue in *Jones* does not apply to Petitioner's claims such that the Supreme Court's resolution in *Jones* will have no effect on the Petition and (2) the likelihood that a favorable ruling by the Florida Supreme Court in *Somers* will impact Petitioner's conviction and sentence is too speculative, given that the federal circuit in which Petitioner was convicted would then have to "extend *Somers* to [Petitioner's] circumstances and determine that holding is retroactively applicable on collateral review[.]" (ECF No. 22 at 1–2). Respondent does not object, however, to dismissal of the Petition without prejudice. *Id*. at 2–3.

In her Report, the magistrate judge noted that Petitioner failed to file a reply addressing Respondent's arguments that any resolution in *Jones* and *Somers* would either be irrelevant or too speculative to warrant holding this action in abeyance. (ECF No. 23 at 3). The magistrate judge then acknowledged that Respondent had no objection to dismissing the Petition without prejudice pursuant to Rule 41(a)(2). *Id*. at 3–4. Consequently, the magistrate judge properly noted that Rule 41(a)(2) "requires a court order to dismiss an action at the plaintiff's request after the opposing party has responded[,]" and that "'a plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant.'" *Id*. (quoting *Craig v. Warden Leiber Corr. Inst.*, C/A No. 6:19-624-JFA-KFM, 2020 WL 2842167, at *2 (D.S.C. Mar. 2, 2020), *report & rec. adopted by* C/A No. 6:19-624-JFA-KFM, 2020 WL 1329393 (D.S.C. Mar. 23, 2020)). Accordingly, applying these standards in light of the parties' briefing and the status of this case, the magistrate judge "decline[d] to recommend holding the instant petition in abeyance for an unspecified period and, instead, recommend[ed] the district judge dismiss the petition without prejudice pursuant to [Rule] 41(a)(2)." *Id*. at 4–5.

Although Petitioner filed objections to the Report, he merely repeats the arguments set forth in his Petition and his motion to hold in abeyance. *Compare* (ECF No. 25), *with* (ECF Nos. 1; 21). Moreover, while Petitioner appears to object to the magistrate judge's recommendation that the court grant his own motion for alternative relief—dismissal without prejudice, Petitioner fails to identify any error in the magistrate judge's findings or analysis as to dismissal without prejudice under Rule 41(a)(2), nor does he provide any response to the Respondent's arguments concerning the speculative or irrelevant impact of the forthcoming rulings in *Jones* and *Somers*. Thus, Petitioner's objections, at most, amount to unsubstantiated disagreement with the magistrate judge's conclusion and do not constitute specific objections to the Report. *See Lowdermilk v.*

*LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009) (noting objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review).

Thus, having thoroughly reviewed the record, the Report, and Petitioner's objections, the court finds no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report (ECF No. 23), and incorporates it herein. Accordingly, Petitioner's motion (ECF No. 21) is **GRANTED** and the Petition (ECF No. 1) is **DISMISSED without prejudice** pursuant to Rule 41(a)(2). Consequently, Respondent's pending motions to dismiss (ECF No. 15) and to seal exhibits (ECF No. 16) are **DENIED as moot**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 28, 2022